**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | **CASE NO. 13-80345-H3-7** |
| **ROBERT LAMAR MANN,** | § | |
| | § | **CHAPTER 7** |
| **DEBTOR** | § | |

**TRUSTEE'S MOTION TO SELL REAL PROPERTY LOCATED AT 7039 LONG DRIVE, HOUSTON, TX 77087 FREE AND CLEAR OF LIENS, CLAIMS, ENCUMBRANCES, AND OTHER INTERESTS**

Pursuant to Local Rule 9013:

> **THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT HEARING.**
>
> **REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

TO THE HONORABLE LETITIA Z. PAUL, UNITED STATES BANKRUPTCY JUDGE:

Ronald J. Sommers (the "Trustee"), Chapter 7 trustee for the bankruptcy estate of Robert Lamar Mann (the "Debtor"), files this *Motion to Sell Real Property Located at 7039 Long Drive, Houston, TX 77087 Free and Clear of Liens, Claims, Encumbrances, and Other Interests* (the "Motion"). In support of this Motion, the Trustee respectfully states as follows:

## I.
## JURISDICTION AND VENUE

1.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This particular motion involves a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O).

2.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      This Court has constitutional authority to enter a final order regarding this Motion.  11 U.S.C. §§ 363(b) and (f) have no equivalent in state law, thereby rendering the Supreme Court's opinion in *Stern v. Marshall* inapplicable.  *See In re Carlew*, 469 B.R. 666, 672 (Bankr. S.D. Tex. 2012) (discussing *See Stern v. Marshall*, --- U.S. ---, 131 S.Ct. 2594, 180 L.Ed. 2d 475 (2011)).  In the alternative, the sale of property of a bankruptcy estate free and clear of liens, claims, and interests is an essential bankruptcy matter, triggering the "public rights" exception.  *See Id.*

## II.
## RELEVANT FACTUAL BACKGROUND

4.      On August 22, 2013 (the "Petition Date"), the Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code.  On July 18, 2014, the Debtor's case was converted to a case under Chapter 7.  The Trustee was duly appointed as Chapter 7 trustee for the Debtor's bankruptcy estate and continues to serve in that capacity.

5.      The Debtor's bankruptcy estate consists of, among other things, certain real property and improvements located at 7039 Long Drive, Houston, Texas 77087 (the "Property"). The Property is a small commercial building historically utilized by the Debtor as his business office. The Property presently has no tenants, though the Trustee is informed that the Debtor has continued to utilize the Property post-petition.

6.      In October, 2014, the Trustee received an offer from the Debtor's son to purchase the Property for $40,000.  The Trustee could not properly consider the offer without knowing the estimated fair market value of the Property. Accordingly, in November, 2014, the Trustee engaged a real estate appraiser, subject to this Court's approval, to appraise the Property in order to assist the Trustee in determining whether the proposed sale to the Debtor's son reflected an adequate purchase price, or whether he would need to engage the services of a broker to list the Property for sale in the open market. The appraisal reflected a fair market value for the Property in excess of the amount being offered by the Debtor's son. The Trustee gave the Debtor's son the opportunity to make an offer the purchase the property consistent with the value set forth in the appraisal. However, the Debtor's son has declined to make such an offer.

7.      On January 26, 2015, the Trustee filed an *Application to Employ Real Estate Broker* (the "Application"), in which the Trustee has sought to engage Wendy Cline ("Broker") to market and broker the sale of the Property, effective as of January 1, 2015.

8.      The Trustee, through his proposed Broker, has received a written offer from Brotherhood of the Cross and Star, Inc. ("Purchaser") to purchase the Property for a total purchase price of $75,500.00. This proposed purchase price exceeds the appraised value of the Property. A true and correct copy of the Purchase and Sale Agreement entered into between the Trustee and the Purchaser for a sale of the Property is attached hereto as **Exhibit A** (the "Contract").

### III.
### RELIEF REQUESTED

9.      The Trustee respectfully requests entry of an order, pursuant to 11 U.S.C. § 363(b) & (f): (i) authorizing the Trustee to sell the Property to Purchaser free and clear of liens, claims, encumbrances, and other interests on the terms and conditions set forth in the Contract;

(ii) authorizing the Trustee to disburse proceeds from the sale of the Property to pay any approved Broker's commission, property taxes, and closing costs at closing or promptly thereafter, with any other alleged liens attaching to the net proceeds subject to further order of the Court.

10.     Section 363(b) of the Bankruptcy Code provides that "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1).

11.     A sale of estate property outside the ordinary course of business is proper, but the trustee or debtor-in-possession must articulate a sound business reason for the sale and show that the sale is in the best interest of the estate (i.e. that it is fair and reasonable), that the sale has been negotiated and proposed in good faith, that the purchaser is proceeding in good faith, and that the sale is an arms-length transaction. *See, e.g., In re Continental Airlines, Inc.*, 780 F.2d 1223, 1225 (5th Cir. 1986). The business justification for a sale must be considered on a case-by-case basis. *Id.* at 1226. In evaluating such a sale, the Court must balance the need for flexibility with the concerns of affected creditors. *In re Terace Gardens Park Partnership*, 96 B.R. 707, 715 (Bankr. W.D. Tex. 1989).

12.     The Trustee submits that the proposed sale is in the best interest of the estate because the proposed purchase price is the highest and best offer received by the Trustee to date and exceeds the appraised value of the Property.

13.     The Trustee proposes to sell the Property to the Purchaser free and clear of liens, claims, encumbrances, and other interests, pursuant to § 363(f) of the Bankruptcy Code. Section 363(f) provides:

> The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if—

(1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;

(2) such entity consents;

(3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

(4) such interest is in bona fide dispute; or

(5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

14.     The proposed sale meets these criteria.  Other than tax liens proposed to be paid at closing, the only other liens apparently encumbering the Property are liens arising from certain abstracts of judgment filed in Harris County, including the alleged abstract of judgment lien filed by SOCA Funding LLC.   Section 52.021 of the Texas Property Code provides that "a judgment and judgment lien may be discharged and canceled if the person against whom the judgment was rendered is discharged from his debts under federal bankruptcy law."  In this case, the Debtor received a discharge on October 24, 2014. [Doc. No. 57]. Any and all judgment liens were therefore discharged and cancelled on that date.  Accordingly, applicable nonbankruptcy law permits sale of such property free and clear of all judgment liens and, in any event, such liens are in bona fide dispute.

15.     The Trustee further seeks a finding that Purchaser is a buyer in good faith pursuant to § 363(m).

16.     The Trustee further requests that the stay imposed by Bankruptcy Rule 6004(h) be waived. Such waiver is appropriate because the Purchaser is eager to close the sale and the Trustee wishes to liquidate the Property expediently for the benefit of creditors.

17.     The Trustee further requests authority to make certain disbursements of proceeds from the sale of the Property at closing.  Specifically, the Trustee seeks authority to disburse

proceeds from the sale of the Property at closing or reasonably promptly thereafter to pay: (a) any approved Broker's commission, (b) any unpaid ad valorem taxes assessed on the Property, and (c) any closing costs and related charges necessary to close a sale of the Property.

18.     The Trustee reserves the right to surcharge any encumbered proceeds received by the estate from the sale of the Property to pay fees, costs, and expenses incidental to the sale of the Property pursuant to § 506(c) of the Bankruptcy Code.

WHEREFORE, the Trustee respectfully requests that the Court enter an Order, substantially in the form attached hereto, granting this Motion and: (i) authorizing the Trustee to sell the Property to Purchaser for $75,500 free and clear of liens, claims, encumbrances, and other interests on the terms and conditions set forth in the Contract; (ii) waiving any stay of such order imposed by Bankruptcy Rule 6004(h); and (iii) authorizing the Trustee to disburse the amounts set forth above at closing. The Trustee also requests such other and further relief to which he may be justly entitled.

Respectfully Submitted,

By: */s/ Spencer D. Solomon*_____
     Spencer D. Solomon
     Texas Bar No.  24066117
     ssolomon@nathansommers.com
     Richard A. Kincheloe
     Texas Bar No. 24068107
     rkincheloe@nathansommers.com

Nathan Sommers Jacobs,
A Professional Corporation
2800 Post Oak Blvd. 61st Floor
Houston, TX 77056
(713) 960-0303 (main)
(713)892-4800 (fax)

**ATTORNEYS FOR RONALD J. SOMMERS,
CHAPTER 7 TRUSTEE**

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on February 17, 2015, a true and correct copy of the foregoing Application was served electronically on all parties registered to receive electronic notice of filings in this case via this Court's ECF notification system, and via First Class U.S. Mail upon all parties listed on the attached Service List.

*/s/ Spencer D. Solomon*
Spencer D. Solomon

**Service List**

**Debtor:**
Robert Lamar Mann
3703 Dorothy Lane
Pearland, TX 77581

**Debtor's Attorney:**
Larry A. Vick
Attorney at Law
908 Town & Country Boulevard
Suite 120
Houston, TX 77024

**U.S. Trustee:**
Ellen Maresh Hickman
Office of the US Trustee
515 Rusk Avenue
Suite 3516
Houston, TX 77002

**Trustee:**
Ronald J. Sommers
Nathan Sommers Jacobs
2800 Post Oak Boulevard
61st Floor
Houston, TX 77056

**Creditors:**

Recovery Management Systems Corporation
25 S.E. 2nd Avenue
Suite 1120
Miami, FL 33131-1605

Ally Financial
PO Box 380901
Bloomington, MN 55438-0901

CACH, LLC
4340 S. Monaco Street, 2nd Floor
Denver, CO 80237-3485

Chase
PO Box 78039
Phoenix, AZ 85062-8039

Clampitt Paper Company
4707 Blalock
Houston, TX 77041-9299

EQ Acquisitions 2003 Inc.
50 Washington Street, 10th Floor
South Norwalk, CT 06854-2710

Citibank
PO Box 790034
St. Louis, MO 63179-0034

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101-7346

Key Equipment Finance, Inc.
c/o Mark W. Stout
777 Main Street, Suite 1920
Ft. Worth, TX 76102-5354

City of Pearland
c/o John P. Dillman
PO Box 3064
Houston, TX 77253-3064

BBVA Compass Bank
PO Box 830696
Birmingham, AL 35283-0696

Capital One
Loan Recovery
PO Box 259350
Plan, TX 75025-9350

Chase
PO Box 94014
Palatine, Il 60094-4014

Compass Bank Credit Card
PO Box 2210
Decatur, Al 35699-0001

Greystone Equipment Finance Corp
c/o Lewis J. Cohn, Atty
300 Trade Center, Suite 3700
Wobrun, MA 01801-7414

James K. Williams dba Lithotech et al.
c/o James O. Tracy, Attorney
8720-B Westpark Drive
Houston, TX 77063-5834

Ally Bank serviced by Ally Servicing LLC
PO Box 130424
Roseville, MN 55113-0004

Cash, LLC
c/o Michael R. Castro, Attorney
15660 Dallas Parkway, Suite 350
Addison, TX 75249-3344

Direct Energy
1001 Liberty Avenue
Pittsburgh, PA 15222-3728

Houston East End Chamber of Commerce
550 Gulfgate Center
Houston, TX 77087-3022

Lowe's
PO Box 530970
Atlanta, GA 30353-0970

Regions Bank
Consumer Colelctions
PO Box 10063
Birmingham, AL 35202-0063

Northern Tool (HSBC)
PO Box 5219
Carol Stream, IL 60197-5219

Shell Fleet
PO Box 689010
Des Moines, IA 50368-9010

Reliant Energy - HL&P
PO Box 4932
Houston, TX 77210-4932

Home Depot
PO Box 6029
The Lakes, NV 88901

Houston Chronicle
PO Box 80085
Prescott, AZ 86304-8085

Harris County
c/o John P. Dillman
PO Box 3064
Houston, TX 77253-3064

BBVA Compass Bank
PO Box 10566
Birmingham, AL 35296-0001

City of Pearland
c/o John P. Dillman
Linebarger Goggan Blair & Sampson LLP
PO Box 3064
Houston, TX 77253-3064

Harris County et al.
C/o John P. Dillman
Linebarger Goggan Blair & Sampson, LLP
PO Box 3064
Houston, TX 77253-3064

Jefferson Capital Systems LLC
PO Box 7999
Saint Cloud, MN 56302-7999

Mila Properties V
Boniuk Interest LTD
3720 San Jacinto
Houston, TX 77004-3922

SOCA Funding LLC
3346 East TC Jester
Suite B-23
Houston, TX 77018

Regions Bank
PO Box 11407
Birmingham, AL 35246-0100

Olmsted-Kirk Paper Company
PO Drawer 972757
Dallas, TX 75397-2757

Small Business Administration
801 Tom Martin Drive, Suite 120
Birmingham, Al 35211-6424

Jefferson Capital Systems LLC
PO Box 7999
Saint Cloud, MN 56302-9617

Office Depot
PO Box 689020
Des Moines, IA 50368

**Parties Requesting Notice:**

GE Capital Retail Bank
c/o Recovery Management Systems Corporation
25 SE 2nd Avenue, Suite 1120
Miami, FL 33131-1605

John P. Dillman
Linebarger Goggan Blair & Sampson, LLP
PO Box 3064
Houston, TX 77253-3064